## Eligibility for Public Assistance

610

RUTHERFORD, Deputy Attorney General, March 6, 1940. —This department is in receipt of your communication of October 11, 1939, in which you request our advice on the extent to which certain sections of the Public Assistance Law of June 24, 1937, P. L. 2051, 62 PS §2501, etc., as amended by the Act of June 26, 1939, P. L. 1091, and the County Institution District Law of June 24, 1937, P. L. 2017, 62 PS §2201, etc., modify the conditions of eligibility for assistance as stated in section 9(d) of the amended act.

You suggest that under section 9(d), as interpreted by our informal opinion no. 1011, the following classes of citizens, applying for general assistance subsequent to July 26, 1939, are ineligible for general assistance:

1. Persons in Pennsylvania at the time of application who have settlement in Pennsylvania, but have not resided in Pennsylvania continuously for two years preceding the date of their application. These persons are not transferable to other States since they have settlement in Pennsylvania.

2. Persons in Pennsylvania at the time of application who have resided here continuously for two years prior to application but do not have settlement in Pennsylvania. Some of these persons, but not many, are returnable to other States where they have settlement.

3. Persons in Pennsylvania at the time of their application who have neither settlement nor two years' residence prior to application. Some, but not all, of these persons could be sent back to other States where they have settlement.

4. Persons not in Pennsylvania, but who have settlement in Pennsylvania. This department was informed,.

however, that it must approve the return of such persons if requested to do so by other States.

Our informal opinion no. 1011 presented an interpretation of this amended section 9(d) of the Public Assistance Law, supra, and in answer to your specific question:

"3. If the amended section 9(d) of the Public Assistance Law means that no person with legal settlement in Pennsylvania is eligible to receive public assistance unless he has resided in Pennsylvania for two years immediately prior to application, does this provision affect only persons who apply for assistance after the effective date of the amending act, or does it also mean that persons now receiving assistance are ineligible if, as of the effective date of the amending act, they had not resided in Pennsylvania for the two years immediately preceding?" we replied as follows:

"3. As above stated, the provisions of Act No. 384, approved June 26, 1939, amending the Public Assistance Law of June 24, 1937, P. L. 2051, only affects persons who file applications for assistance on and after the effective date of the amending act."

At the outset, we may state that the Act of June 26, 1939, P. L. 1091, affects all applications for assistance filed on and after the effective date of the amendatory act, be they new applications or reapplications of whatsoever kind or character. Since recipients on work relief projects, operated under the Act of June 27, 1939, P. L. 1184, remain on the assistance rolls, they present no problem. A question does, however, arise with reference to employable recipients of assistance who are given full or part-time employment. Section 7(l) of the Public Assistance Law, as amended, provides as follows:

"Section 7. Powers and Duties of County Boards of Assistance.—Each county board of assistance shall have the power, and its duty shall be . . .

"(l) To encourage employable recipients of assistance to accept full or part-time employment, by providing that

such recipients will again be granted assistance upon the termination of such employment, if in need thereof; and any rule or regulation of the Department of Public Assistance or of the State Board of Public Assistance or of the county board of assistance heretofore or hereafter adopted, contrary hereto, is hereby avoided."

The express legislative intent here enunciated shows a desire to encourage bona fide employables to endeavor to obtain full or part-time employment within or outside the Commonwealth by assuring such bona fide employables that upon the failure or termination of such employment they will not be penalized by being deprived of their right to obtain assistance. The obvious intent of the legislature is not to penalize those employables who go out of the State to obtain full or part-time employment, and therefore, if an applicant has settlement in Pennsylvania and had the residence requirement before leaving the State, and can show that the absence was due to a bona fide effort to obtain full or part-time employment, then such applicant should not be penalized for endeavoring to obtain such employment, and would come under the provisions of section 7 (*l*) of the Public Assistance Law and be eligible under the Public Assistance Law if otherwise qualified.

Relative to your main query as to the extent, if any, section 9 (*d*) is modified by sections 2, 4 (*a*), and 9 (*o*) of the Public Assistance Law, it is essential to submit section 9 as amended, which provides as follows:

"Eligibility for Assistance.—Except as hereinafter specifically otherwise provided in the case of pensions for the blind, all persons of the following classes shall be eligible to receive assistance, in accordance with rules, regulations and standards established by the Department of Public Assistance, with the approval of the State Board of Assistance, as to eligibility for assistance, and as to its nature and extent. . . .

"(*d*) Other persons who are citizens of the United States and who have a settlement in Pennsylvania and have resided therein for at least two years immediately preceding the date of application for assistance, and all aliens who have within two years previous to the first day of January, one thousand nine hundred and forty, filed their declaration of intention to become a citizen, and who have a legal settlement in Pennsylvania and have resided therein for a period of not less than two years immediately preceding the date of application for assistance, and need assistance to enable them to maintain for themselves and their dependents a decent and healthful standard of living, and who do not require institutional care because of physical or mental infirmity."

This section made certain changes in eligibility requirements; among others it increased the residence requirement from one to two years, and added the settlement requirement. The Public Assistance Law does not define the term "settlement", but the Act of May 14, 1925, P. L. 762, sec. 10 (*e*), defines "settlement" as follows:

"(*e*) A 'settlement' of a person shall be his right under the provisions of this act to relief in any particular poor district."

In further defining this term, the court, by Clark, J., in Huston Township Poor Dist. v. Benezette Township Poor Dist., 135 Pa. 393, 399 (1890), said:

"A settlement under the poor laws is a residence of such permanent and continuous character as, under certain circumstances, will entitle a person to support or assistance as a pauper . . .".

This 1925 act was repealed by the County Institution District Law, supra. Though the County Institution District Law does not define "settlement", it considers settlement and removal in article V of the act.

The poor laws of the Commonwealth of Pennsylvania were taken from the Elizabethan Law of 1601, 43 Eliz. c. 2, 2 Eng. Stat. at L. 702, and our Act of March 9, 1771,

1 Sm. L. 332. These continued in effect until the Act of June 13, 1836, P. L. 541, and amendatory acts, until repealed by the Public Assistance Law of June 24, 1937, supra. Under these earlier acts settlement was made the basis of eligibility for poor relief. See Busser et al. v. Snyder et al., 282 Pa. 440.

Though the legislature, by these statutes, made settlement a basis for eligibility for poor relief and assistance, this did not give any vested right to such relief or assistance.

The responsibility of the county or the State to furnish relief or assistance to indigent persons is purely statutory, and there appears to be no reason why the legislature may not prescribe the conditions or circumstances under which the county or State obligation shall come into existence.

The conditions of eligibility, namely two years' residence and settlement, imposed by the amended Public Assistance Law, should be adhered to unless modified by other sections of the Public Assistance Law or the County Institution District Law.

As stated above, you inquire as to the extent, if any, to which sections 2, 4(a), and 9(e) of the Public Assistance Law, as amended, modify these requirements for eligibility for public assistance.

Section 2 of the Public Assistance Law, as amended, merely sets forth a definition for "assistance", whereas section 9 sets forth requirements for eligibility to obtain such grants. Section 2 provides as follows:

"Definitions.—As used in this act, unless otherwise indicated,

" 'Assistance' means assistance in money, goods, shelter, medical care, or services, provided from or with State or Federal funds, for indigent persons who reside in Pennsylvania and need assistance to enable them to maintain for themselves and their dependents a decent and healthful standard of living, and for indigent, homeless or transient persons. The word, assistance, shall be con-

strued to include pensions for those blind persons who are entitled to pensions, as provided in this act, and to include also burial for those indigent persons who were receiving assistance at the time of their death.

" ' General Assistance' means assistance provided from or with State funds, *only to persons entitled under this act to assistance,* other than dependent children, aged persons, and blind persons." (Italics supplied.)

This section, by its provision that general assistance is to apply only to persons entitled under this act to assistance, makes section 9, prescribing conditions of eligibility, controlling. Section 4 provides as follows:

"General Powers and Duties of Department of Public Assistance.—The Department of Public Assistance shall have the power, and its duty shall be:

"(*a*) To allocate to the several assistance programs funds with which to provide assistance and funds for administrative expenses, and as may be needed, from time to time, *to keep reasonable emergency funds in the hands of local boards,* which shall be used by the executive director for the furnishing of assistance and pensions respectively *in emergency cases,* upon application to him, or under the direction of any member of the local board." (Italics supplied.)

The emergency fund set up by this section to meet immediate needs is expressly to be administered under the discretion of the executive director of the county board of assistance. Though the emergency fund is thus placed under the discretion of the executive director to meet assistance needs which are immediate, it does not establish a type of assistance which can be granted to persons otherwise ineligible under the Public Assistance Law. Assistance should be granted in emergency cases only to persons who appear to be eligible for assistance under the Public Assistance Law. It would, however, appear permissible under the emergency provision to make a grant in an emergency situation until other aid could be solicited,

even in cases where the facts disclosed indicated ineligibility under the act. This would merely be sound public policy and allow the immediate need to be met, but no continuation of such grants could be allowed if, upon proper investigation, applicants were found to be ineligible.

Section 9 of the Public Assistance Law provides as follows:

"Section 9. Eligibility for Assistance. — Except as hereinafter specifically otherwise provided in the case of pensions for the blind, all persons of the following classes shall be eligible to receive assistance, in accordance with rules, regulations and standards established by the Department of Public Assistance, with the approval of the State Board of Assistance, as to eligibility for assistance, and as to its nature and extent . . .

"(e) Any person within any group, defined in this section, who has a *quasi-settlement* in this Commonwealth *until* he is removed to his place of legal settlement." (Italics supplied.)

There is no definition of "quasi-settlement" in the Public Assistance Law, nor is there any definition of the term "quasi-settlement" as such in the law dictionaries. However, in 3 Bouvier's Law Dictionary the terms "settlement" and "quasi" are defined separately as follows:

"Settlement. A residence under such circumstances as to entitle a person to support or assistance in case of becoming a pauper.

"It is obtained in various ways, to wit: by *birth;* by the *legal settlement* of the father, in the case of minor children; by *marriage;* by *continued residence;* by the payment of requisite taxes; by the *lawful exercise of a public office;* by *hiring and service* for a specified time; by *serving an apprenticeship;* and perhaps some others, which depend upon the local statutes of the different states. See 1. Bla. Com. 363; Guardians of the Poor of Philadelphia v. Overseers, 6 S. & R. (Pa.) 565."

"Quasi (Lat. as if, almost). A term used to mark a resemblance, and which supposes a difference between two objects. Dig. 11. 7. 1. 8. 1. See People v. Bradley, 60 Ill. 402. It is exclusively a term of classification. Prefixed to a term of Roman law, it implies that the conception to which it serves as an index is connected with the conception with which the comparison is instituted by a strong superficial analogy or resemblance. It negatives the idea of identity, but points out that the conceptions are sufficiently similar for one to be classed as the equal of the other; Maine, Anc. Law 332."

It is clear from the above section and definitions that any person, whose stay in the Commonwealth resembles that of settlement, is eligible for assistance but *only until he can be removed to his place of legal settlement.*

Although the County Institution District Law of June 24, 1937, P. L. 2017, sec. 501 (*j*), placed responsibility on the Commonwealth for persons not dependents who had no known settlement in this Commonwealth and could not be removed to another State, it should be noted that the legislature, by its amendment, the Act of June 26, 1939, supra, sec. 9 (*d*), placed certain additional requirements for eligibility on recipients of assistance.

In view of the foregoing, we are of the opinion, and you are, therefore, advised that:

1. The Act of June 26, 1939, P. L. 1091, amending the Public Assistance Law of June 24, 1937, P. L. 2051, affects all applications for assistance filed on and after the effective date of the act, be they new applications or re-applications of whatsoever kind or character.

2. All such applications must comply with the eligibility requirements as prescribed under section 9 (*d*) of the Act of June 26, 1939, supra, except as such requirements are modified by section 7 (1), 9 (*e*), and 4 (*a*) of the Public Assistance Law as follows:

(*a*) Under section 7 (1), since the legislative intention is expressly to encourage employables to accept full or

part-time employment, if an applicant has settlement in the Commonwealth, but has left the State in an honest effort to obtain such full or part-time employment and returns or is returned to this State, his place of settlement, then such applicant should not be penalized and under this section 7(1) would be eligible, though lacking two years' residence immediately preceding the date of application.

(b) Under section 9(e), applicants who have resided here continously for two years prior to filing an application, but who do not have settlement in Pennsylvania, and also those who have neither settlement nor two years' residence prior to filing an application, can be granted assistance under section 9(e), since they have quasi-settlement in the State, but such assistance granted under section 9(e) is only to be granted *until* such recipients are returned to their place of settlement. If, after investigation, they cannot be returned, grant must be discontinued unless recipient meets the requirements of eligibility prescribed in section 9(d).

(c) Under section 4(a), assistance should be granted in emergency cases only to persons who appear to be eligible for assistance under the Public Assistance Law. However, it would appear permissible under the emergency provisions to make a grant in an emergency situation until other aid could be solicited, even in cases where the facts disclosed indicated ineligibility under the Public Assistance Law. This would merely be sound public policy and allow an immediate need to be met, but no continuation of such grants could be allowed if, upon proper investigation, applicants were found to be ineligible. If any change is desired, the remedy is with the legislature.

The particular problems of eligibility that present themselves are matters of administration and ought to be decided by your department as they arise on the basis of the Public Assistance Law, as interpreted above and in our informal opinion no. 1011.